IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| JAIRO REYES<br>4625 Brentleigh Court<br>Annandale, Virginia 22003 | * | |
| PLAINTIFF, | * | |
| v. | * | Civil Action No.: 1:15-cv-454 |
| MSC CONSTRUCTION, INC.<br>1803 Kirby Road<br>McLean, Virginia 22101 | * | |
| Serve: Mun Su Chun<br>7535 Little River Tournpike, Suite 210C<br>Annandale, Virginia 22003 | * | |
| DEFENDANT. | * | |

*********************************************************************

## COMPLAINT

Plaintiff Jairo Reyes ("Plaintiff"), by and through undersigned counsel, hereby submits his Complaint against Defendant MSC Construction, Inc. ("Defendant"), to recover damages under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"); the D.C. Minimum Wage Act Revision Act of 1992, D.C. Code §§ 32-1001 *et seq.* ("DCMWA"); and the D.C. Wage Payment and Wage Collection Act, D.C. Code §§ 32-1301 *et seq.* ("DCWPA") as set forth below.

### PARTIES AND JURISDICTION

1. Plaintiff[1] is an adult resident of the Commonwealth of Virginia.

3. Defendant is a corporation formed under the laws of the Commonwealth of Virginia.

---

[1] By acting as the named Plaintiff herein, Plaintiff hereby affirms his consent to participate as a Plaintiff in an action under the FLSA, DCMWA, and DCWPA.

4. At all times, Defendant engaged in remodeling and construction related business operations in the District of Columbia and surrounding geographic areas.

5. At all times, Defendant was Plaintiff's "employer" for purposes of the FLSA, DCMWA, and DCWPA.

6. During Plaintiff's employment, Defendant was engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)).

7. At all times relevant, Defendant had gross revenues exceeding $500,000.00 and otherwise qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

8. At all times, Plaintiff and more than two other employees of Defendant were engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

9. This Court has jurisdiction over Defendant pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce."

10. Subject matter jurisdiction is invoked under 28 U.S.C. § 1331 (Federal Question).

11. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

## FACTS

12. Plaintiff was employed by Defendant as a full time employee from about 2008 through about January 30, 2015.

13. While in Defendant's employ, Plaintiff worked continuously and substantially (more than 50%) in the District of Columbia as a remodeling laborer, performing painting and

renovation related job duties on residential and commercial properties in the District of Columbia and surrounding geographic areas.

14. While in Defendant's employ, Plaintiff's exact hours worked each week varied from week to week.

15. While in Defendant's employ, Plaintiff regularly worked more than forty (40) hours per week.

16. While in Defendant's employ, Defendant paid Plaintiff as an hourly employee.

17. While in Defendant's employ, Defendant paid Plaintiff weekly, in two (2) checks, wherein Defendant identified Plaintiff's hours worked between the two (2) checks to hide, to the fullest extent possible, the fact that Plaintiff worked more than forty (40) hours per week.

17. At no time did Defendant pay Plaintiff at the rate of one-and-one-half (1½) times his regular rate of pay for overtime hours worked each week in excess of forty (40).

18. At all times, Defendant paid Plaintiff at his regular hourly rate for all hours worked including overtime hours worked each week in excess of forty (40).

19. At no time while in Defendant's employ did Plaintiff perform work that meets the definition of exempt work under the FLSA, DCMWA, or DCWPA.

20. At all times, Defendant had actual knowledge of the overtime pay requirement of the FLSA and DCMWA.

21. At all times, Defendant had actual knowledge of the wage payment requirements of the DCWPA.

22. At all times, Defendant had actual knowledge that the rate and method by which Defendant paid Plaintiff for hours worked in excess of forty (40) per week was in direct violation of the FLSA, DCMWA, and DCWPA.

23. At all times, Defendant acted willfully to pay Plaintiff in two (2) checks so as to purposely hide its ongoing FLSA, DCMWA, and DCWPA wage payment violations.

## CAUSES OF ACTION

### COUNT I
### Violation of Federal Fair Labor Standards Act

24. Plaintiff re-alleges and reasserts each and every allegation set forth above, as if each were set forth herein.

25. The FLSA provides that employers must pay employees at an hourly rate of one-and-one half (1½) times their regular rate of pay for overtime hours worked each week in excess of forty (40).

25. At all times, Plaintiff was an "employee" covered by the FLSA and Defendant was Plaintiff's "employer" under the FLSA.

26. Plaintiff worked overtime hours in excess of forty (40) hours per week while in Defendant's employ and Defendant had knowledge of all hours Plaintiff worked and suffered or permitted Plaintiff to work all hours herein alleged.

27. At no time during Plaintiff's employment did Defendant pay Plaintiff for overtime hours worked per week in excess of forty (40) at the overtime rate required by the FLSA.

28. Plaintiff is entitled to, and is owed, unpaid overtime wages under the FLSA.

29. Defendant has failed to compensate Plaintiff properly and as required by the FLSA for overtime hours worked.

30. Defendant's failure to pay compensation as required by the FLSA was knowing, willful and intentional, and not in good faith.

WHEREFORE, Defendant is liable to Plaintiff under Count I for all unpaid overtime

4

wages in such amounts to be proved at trial, plus an equal amount in liquidated damages, interest (both pre- and post-judgment), attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT II
### Violation of D.C. Minimum Wage Act Revision Act of 1992

31. Plaintiff re-alleges and reasserts each and every allegation set forth above, as if each were set forth herein.

32. The DCMWA provides that employers must pay employees at an hourly rate of one-and-one half (1½) times their regular rate of pay for overtime hours worked each week in excess of forty (40).

33. At all times, Plaintiff was an "employee" covered by the DCMWA and Defendant was Plaintiff's "employer" under the DCMWA.

34. Plaintiff worked overtime hours in excess of forty (40) hours per week (more than 50% of which was in the District of Columbia) while in Defendant's employ and Defendant had knowledge of all hours Plaintiff worked and suffered or permitted Plaintiff to work all hours herein alleged.

35. At no time during Plaintiff's employment did Defendant pay Plaintiff for overtime hours worked per week in excess of forty (40) at the overtime rate required by the DCMWA.

36. Plaintiff is entitled to, and is owed, unpaid overtime wages under the DCMWA.

37. Defendant has failed to compensate Plaintiff properly and as required by the DCMWA for overtime hours worked.

38. Defendant's failure to pay compensation as required by the FLSA was knowing, willful and intentional, and not in good faith.

5

WHEREFORE, Defendant is liable to Plaintiff under Count II for all unpaid overtime wages in such amounts to be proved at trial, plus an equal amount in liquidated damages, interest (both pre- and post-judgment), attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

### COUNT III
### Violation of D.C. Wage Payment and Wage Collection Act

39. Plaintiff re-alleges and reasserts each and every allegation set forth above, as if each were set forth herein.

40. Plaintiff was an "employee" and Defendant was Plaintiff's "employer" within the meaning of the DCWPA.

41. Under the DCWPA, Defendant, as Plaintiff's employer, was obligated to pay Plaintiff all wages owed for work that Plaintiff performed.

42. "Wages" pursuant to DCWPA (DC Code § 32-1301(3)), "includes a: (A) Bonus; (B) Commission; (C) Fringe benefits paid in cash; (D) Overtime premium; and (E) Other remuneration promised or owed: (i) Pursuant to a contract for employment, whether written or oral; (ii) Pursuant to a contract between an employer and another person or entity; or (iii) pursuant to District or Federal law."

43. Plaintiff worked many hours for Defendant in the District of Columbia (more than 50% of work duties) for which Defendant failed to pay Plaintiff all wages required by District of Columbia Law and by Federal law required for job duties performed on time when wages were due or at or before the end of Plaintiff's employment with Defendant.

44. Defendant owes Plaintiff back wages equal to the difference between the rate Defendant's paid Plaintiff for hours worked and the Federally and District of Columbia required rates Plaintiff was owed for overtime hours worked under the DCWPA.

6

45. Defendant's failure to pay Plaintiff all wages owed under Federal and District of Columbia law on time or at or before the end of Plaintiff's employment with Defendant as required by the DCWPA was knowing, willful and intentional, was not the result of any *bona fide* dispute between Plaintiff and Defendant, and was not in good faith.

WHEREFORE, Defendant is liable to Plaintiff under Count III, for all unpaid wages in such an amount to be proven at trial, plus an additional three times (3x) all unpaid wages as liquidated damages, interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

Respectfully submitted,

Gregg C. Greenberg, Bar No. 79610
Zipin, Amster & Greenberg, LLC
836 Bonifant Street
Silver Spring, Maryland 20910
Phone: 301-587-9373
Fax: 301-587-9397
Email: ggreenberg@zagfirm.com

*Counsel for Plaintiff*